MONIQUE C. WINKLER (Cal. Bar No. 213031)
JASON H. LEE (Cal. Bar No. 253140)
BERNARD B. SMYTH (Cal. Bar No. 217741)
  smythb@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
STEVE VARHOLIK (Cal. Bar No. 221554)
  varholiks@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | |
| vs. | DEFENDANT FORESEE, INC.'S CONSENT TO FINAL JUDGMENT |
| ROBERT D. CHRISTENSEN; ANTHONY M. MATIC; FORESEE, INC.; THE COMMISSION PDX, LLC; THE POLICY PDX, LLC; INNINGS 150, LLC, | |
| Defendants. | |

1. Defendant Foresee, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint, except as to personal and subject matter jurisdiction, which Defendant admits, Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 ("Securities Act"), Section 17(a) of the Securities Act, and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder;

    (b) permanently restrains and enjoins Defendant from directly or indirectly, including, but not limited to, through any entity owned or controlled by it, participating in the issuance, purchase, offer, or sale of any security;

    (c) orders Defendant, along with Defendants Robert D. Christensen, Anthony M. Matic, The Commission PDX, LLC, The Policy PDX, LLC, and Innings 150, LLC, jointly and severally, to pay disgorgement in the amount of $4,975,935.00, plus prejudgment interest thereon in the amount of $398,547.00;

    (d) orders that Defendant cease operations and sell all real estate property owned by it or its affiliated entities within one (1) year of entry of the Final Judgment;

(e)     orders that Defendant, prior to each sale of real property, provide the Commission with an accounting in a form requested by the Commission as to the sale of each real estate property to be sold;

(f)     orders that the Commission shall take such actions as necessary to secure payment of the sums due under the Final Judgment;

(g)     orders that Defendant limit the use of any assets that it owns, controls, or possesses solely to pay for: (i) necessary costs associated with selling the real estate property owned by it or its affiliated entities, or (ii) necessary costs associated with maintaining such property until it is all sold;

(h)     orders that Defendant limit the use of all proceeds received from the sale of any real estate property owned by it or its affiliated entities solely to pay the disgorgement owed by Defendant until all such disgorgement and prejudgment interest thereon has been satisfied; and

(i)     orders that Defendant periodically certify, in writing, compliance with the limitations set forth in paragraphs (d), (g), and (h) above on the following schedule: (i) 90 days following entry of the Final Judgment; (ii) 180 days following entry of the Final Judgment; (iii) 270 days following entry of the Final Judgment; and (iv) 365 days following entry of the Final Judgment.

3.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.      Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i)

testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not a prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: June 14, 2023 | 18:15 PDT

FORESEE, INC.

By: *Robert Delvin Christensen*
DocuSigned by: DD75E649679A481...
Robert D. Christensen
Title:
Address:

Approved as to form:

*William Caffee* (DocuSigned by: 489454790E694EC)    June 15, 2023 | 11:50 PDT

William Caffee
White Summers Caffee & James LLP
805 SW Broadway, Suite 2440
Portland, OR 97205
Attorney for Defendant